**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| STEPHEN M. AVDEEF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00451-P-BP |
| | § | |
| UNITED STATES JUSTICE | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a "Notice of Litigation Filing" on March 24, 2021. ECF No. 1. Plaintiff did not file a complaint, pay the $402.00 filing and administrative fees, or apply to proceed *in forma pauperis*. The case was automatically assigned to the undersigned on that same day under Special Order No. 3. ECF No. 2. On April 26, 2021, the Court ordered Plaintiff to either pay the $402.00 filing and administrative fees or submit a request to proceed *in forma pauperis* on the Court's long form Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). ECF No. 6. The Court also noted that, although Plaintiff had opened a case by filing a "Notice of Litigation Filing," he failed to file a Complaint. *Id.* The Court ordered Plaintiff to file a Complaint in compliance with Rule 8, Federal Rules of Civil Procedure. *Id.*

The Court set a deadline of May 10, 2021, for Plaintiff to cure these deficiencies. *Id.* The Court also warned Plaintiff that "failure to comply with this order may result in a recommendation that the case be dismissed without further notice." *Id.* at 2. Plaintiff did not comply with the Court's order. He did not file a complaint, pay the filing and administrative fees, or file a motion for leave to proceed *in forma pauperis*.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Plaintiff has not sought leave to proceed *in forma pauperis* and has provided no evidence upon which the Court could permit him to proceed without paying the filing and administrative fees.

The Court ordered Plaintiff to take specific actions to proceed in this case, including filing a complaint and either paying the filing and administrative fees or filing a motion to proceed *in forma pauperis*, and warned him that failure to do so might result in the dismissal of this case without further notice. Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order…." Fed. R. Civ. P. 41(b). Plaintiff did not comply with the Court's order of April 26, 2021. Under these circumstances, Plaintiff's "Notice of Litigation Filing" (ECF No. 1) should be dismissed, and this case should be administratively closed.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** Plaintiff's "Notice of Litigation Filing" **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders and direct the Clerk of Court to administratively close the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 20, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE